UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAMES CHAMBERS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | Case No. 1:17-cv-01747-MJS (HC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

　　　　Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On December 29, 2017, the Court conducted an initial review of the petition and determined that Petitioner's claim for relief is illegible and thus unintelligible, leaving the Court unable to determine whether Petitioner is entitled to relief.

　　　　Petitioner was ordered to file an amended, legible petition within thirty days of the Court's order. He was warned that failure to comply could result in dismissal of the action. (ECF No. 5.) The thirty day deadline has passed without Petitioner filing an amended petition or seeking an extension of time to do so.

　　　　Plaintiff has failed to comply with the Court's order. As a result, the undersigned

cannot proceed to the merits of the petition and will recommend its dismissal without prejudice.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution on these grounds, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a

presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use. Plaintiff has not responded to Court orders requiring him to amend. The Court can envision no lesser sanction that would allow the Court to proceed to the merits of the petition at this stage of the proceedings.

Based on the foregoing, it is HEREBY RECOMMENDED that the petition be dismissed without prejudice for failure to obey the Court's order requiring him to file a legible, amended complaint.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 14, 2018           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE