UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JAMES CHAMBERS,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | Case No. 1:17-cv-01747-LJO-MJS (HC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATION**<br><br>**(ECF NO. 7)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS DUPLICATIVE**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On December 29, 2017, the Court conducted an initial review of the petition and determined that Petitioner's first and only stated ground for relief was illegible and unintelligible. Accordingly, the Court was unable to determine whether Petitioner is entitled to relief, and Petitioner was ordered to file an amended, legible petition within thirty days.

The thirty day deadline passed without Petitioner either filing an amended petition in this action or seeking an extension of time to do so. Accordingly, on February 15, 2018, the undersigned recommended dismissal of the petition without prejudice on the ground that Petitioner failed to obey the Court's order requiring him to file a legible, amended complaint. (ECF No. 7.)

Petitioner filed objections stating that he had, in fact, filed a legible petition. (ECF No. 8.) A review of the Court's docket reflects that Petitioner's amended petition was mistakenly opened as a new action, Chambers v. Sherman, No. 1:18-cv-00092-DAD-SKO (HC). Respondent since has been ordered to respond in that action. (ECF No. 5 in No. 1:18-cv-00092-DAD-SKO.) Given that Petitioner complied with the Court's order requiring him to file a legible petition, the undersigned will withdraw his prior findings and recommendation.

However, litigants "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (en banc)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Id.

Additionally, 28 U.S.C. § 2244(b) limits the number of separate habeas actions that a state prisoner may bring arising out of the same state court conviction and/or sentence. When a pro se petitioner files a second Section 2254 habeas petition challenging a particular state conviction before the district court completes its adjudication of his earlier Section 2254 habeas petition stemming from the same state court criminal case, the district court should construe the second petition as a motion to amend the earlier-filed petition. Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (so

holding and further holding that the court thereafter has the discretion to determine whether to grant leave to amend consistent with Fed. R. Civ. P. 15); see also Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) (reiterating that Woods is "the law of our circuit").

Here, Case Nos. 1:17-cv-01747 and 1:18-cv-00092 arise out of the same state court criminal case. The petitions are essentially identical, with the exception that the petition in 1:18-cv-00092 contains a legible description of Petitioner's claim and, as noted, the petition in 1:17-cv-01747 does not. In such circumstances, the petition in 1:18-cv-00092 should be filed as an amended petition in the instant case, and 1:18-cv-00092 should be administratively closed. Here, however, 1:18-cv-00092 contains the only legible petition filed in either action, and it has progressed further than the instant case in that Respondent has been directed to respond to it. Additionally, the undersigned has reviewed the petition and foresees no timeliness issues arising from Petitioner proceeding on the later-filed petition. Accordingly, the undersigned will recommend that the instant petition be dismissed as duplicative, and that this matter be administratively closed. Petitioner should continue to pursue his petition in Case No. 1:18-cv-00092.

Based on the foregoing, the Court's prior findings and recommendation (ECF No. 7) are HEREBY WITHDRAWN.

Additionally, it is HEREBY RECOMMENDED that:

1. The petition in this action be dismissed as duplicative of the petition in Case No. 1:18-cv-00092-DAD-SKO (HC); and
2. This action be administratively closed.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 7, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE